**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

WENDY TOWNLEY; AMY WHITLOCK;
ASHLEY GUNSON; HEATHER THOMAS;
DAX WOOD; CASJA LINFORD;
WESLEY TOWNLEY; JENNY RIEDL;
TODD DOUGAN; BRUCE WOODBURY;
JAMES W. DEGRAFFENREID,
        *Plaintiffs-Appellees,*

        v.

ROSS MILLER, Secretary of State of
Nevada,
        *Defendant-Appellant,*

        and

KINGSLEY EDWARDS,
        *Intervenor-Defendant.*

WENDY TOWNLEY; AMY WHITLOCK;
ASHLEY GUNSON; HEATHER THOMAS;
DAX WOOD; CASJA LINFORD;
WESLEY TOWNLEY; JENNY RIEDL;
TODD DOUGAN; BRUCE WOODBURY;
JAMES W. DEGRAFFENREID,
                 *Plaintiffs-Appellees,*

            v.

ROSS MILLER, Secretary of State of
Nevada,
                        *Defendant,*

            and

KINGSLEY EDWARDS,
   *Intervenor-Defendant-Appellant.*

Nos. 12-16881
      12-16882

D.C. No.
3:12-cv-00310-
RCJ-WGC
District of Nevada,
Reno

AMENDED
ORDER

Submitted to Motions Panel September 4, 2012

Filed September 5, 2012

Before: Stephen Reinhardt, Kim McLane Wardlaw, and
Carlos T. Bea, Circuit Judges.

Order;
Concurrence by Judge Reinhardt

## COUNSEL

K. Kevin Benson, Carson City, Nevada, filed the motion for
stay of the district court's order for appellant-defendant Ross
Miller, Secretary of State of Nevada. Catherine Cortez Masto,
Nevada Attorney General, was also on the motion.

John Pablo Parris, Las Vegas, Nevada, filed the motion for stay of the district court's order for appellant-intervenor-defendant Kingsley Edwards.

Paul Swenson Prior, Las Vegas, Nevada, opposed the motion for stay of the district court's order for plaintiffs-appellees Wendy Townley, Amy Whitlock, Ashley Gunson, Heather Thomas, Dax Wood, Casja Linford, Wesley Townley, Jenny Riedl, Todd Dougan, Bruce Woodbury, and James W. Degraffenreid.

---

## ORDER

The order issued September 4, 2012 is hereby amended and this amended order is designated for publication.

Appellants Ross Miller, Nevada Secretary of State, and Kingsley Edwards, a Nevada voter, appeal from the district court's preliminary injunction order enjoining Nevada's nearly 37-year-old statute that requires a "None of These Candidates" option on the ballot in statewide elections for state or federal office.

The district court entered its preliminary injunction order, dated August 22, 2012, on August 24, 2012. The preliminary injunction order reads in part:

> [T]he Court grants [Docket Number] 15 Motion for Preliminary [I]njunction. Defendant Secretary of State Ross Miller, his agents, employees, affiliates, and all those acting in concert with him, are enjoined from allowing "None of these candidates" to appear on voting ballots. [Defendant's counsel]'s oral motion to stay pending appeal is denied. Written ruling of the Court will issue. Court adjourns.

(emphasis omitted).

The notices of appeal of the grant of the preliminary injunction were filed immediately thereafter, on August 24 and 25, 2012. The filing of these notices of appeal, consolidated by this court on August 28, 2012, divested the district court of jurisdiction over the preliminary injunction. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56 (1982); *Davis v. United States*, 667 F.2d 822 (9th Cir. 1982) (filing of a notice of appeal generally divests the district court of jurisdiction over the matters appealed, although the district court may act to assist the court of appeals in the exercise of its judgment). We therefore have jurisdiction over these appeals from the district court's August 22, 2012 and August 24, 2012 orders granting appellees' motion for preliminary injunction pursuant to 28 U.S.C. § 1292(a)(1).

Appellants' emergency motions to stay the district court's August 22, 2012 order pending appeal are granted. *See Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7 (2008).

Appellant Ross Miller's motion for leave to file an oversized emergency motion to stay the district court's August 22, 2012 order is granted.

Appellees' motion for leave to file an oversized opposition to appellants' emergency motions to stay the district court's August 22, 2012 order is granted.

The briefing schedule established previously shall remain in effect.

---

REINHARDT, Circuit Judge, Concurring:

I concur fully in this court's order, including its determination that this court has jurisdiction over the appeals from the district court's preliminary injunction. I write separately only to add that there is an alternative basis for our jurisdiction

over the appeals—a basis that would exist even if the district judge had not entered his minute order issuing the preliminary injunction.

Before doing so, however, I wish to make clear that the panel is in agreement that the basis for our grant of the stay of the district court's order pursuant to *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7 (2008), is that the likelihood of success on the merits favors the state. Plaintiffs' arguments offer an inadequate basis for this court to conclude that Nevada's 37-year-old statute providing for "None of these candidates" ballots is contrary to the Constitution or to any federal statute. A failure to stay forthwith any injunction issued by the district court would accordingly result in irreparable injury to the State of Nevada and its citizens, and would be directly contrary to the public interest.

The parties have advised both this court and the district court that, in order for Nevadans in the military to cast their ballots in the forthcoming Presidential election, the complex process of printing the statewide ballots must be completed no later than September 22, 2012, and that the printing of all such ballots must *begin* by September 7, 2012. Although the district judge acknowledged his awareness of these facts, he has deliberately attempted to avoid entering any order that would allow an appeal before that date. His dilatory tactics appear to serve no purpose other than to seek to prevent the state from taking an appeal of his decision before it must print the ballots. As set forth below, these attempts to frustrate the jurisdiction of the appellate court, and, necessarily, the Supreme Court—at least until the issue in this case is mooted —itself constitutes a sufficient basis for our exercise of jurisdiction.

The district judge's intent to evade appellate review is plain from the record. Indeed, the district judge essentially admitted as much, as evidenced by the transcript of the hearing held August 22, 2012, regarding the motion for preliminary injunc-

tion. At that hearing, counsel for the state requested that the district judge rule in time to permit an appeal to the Ninth Circuit before the ballot deadline; the district judge, however, displayed no interest in Defendants' ability to appeal:

> MR. BENSON: Well, we have a problem in the procedural sense in that if we — in order to get to the Ninth Circuit between now and September 7th —
>
> THE COURT: Well, that's your problem. I'm just trying to accommodate your problem with regard to notifying the printer.

Although the district judge's response was entirely out of keeping with the importance and time sensitiveness of this case, it, alone, would not suffice to evidence deliberate delay.

The court's comment, however, followed numerous and substantial delays caused by the district judge, which, in the face of efforts by both parties to expedite consideration of the matter,[1] can only be explained as a deliberate attempt to evade review by higher courts. For example, when the district judge who had originally been assigned to this case withdrew from the case on June 11, 2012, the current district judge as Chief Judge took until July 3, 2012, to reassign the case—and, when he did so, he reassigned it to himself. The resultant delay had the prejudicial effect of rendering moot the parties' request for expedited briefing. Further, the district judge then waited almost three weeks, until July 20, 2012, to even schedule a hearing on the preliminary injunction. The date he eventually chose—August 22, 2012—resulted in another month-long delay in the resolution of this proceeding.

---

[1]Plaintiffs specifically requested expedited treatment of the preliminary injunction, marking their motion "EXPEDITED TREATMENT REQUESTED." The parties also filed a request for an expedited briefing schedule. They further explained the importance of an expeditious ruling during the oral hearing on the preliminary injunction motion.

At the August 22, 2012, hearing, the parties once again urged the court to issue its ruling as soon as possible; in response, the district judge assured the parties that he would rule quickly:

> MR. BENSON: With regard to preparing the order and all of that, we have a ballot deadline, printing deadline coming up very quickly.
>
> THE COURT: That's why I'm announcing this orally now.
>
> MR. BENSON: I appreciate that, your Honor.
>
> THE COURT: Even though I would like more time to study it, but —
>
> MR. BENSON: And with regard to the written order, my understanding is that an appeal cannot be taken until a written order is put in the record so —
>
> THE COURT: Right. I'll try to do that as quickly as I can.

As set forth in the district judge's recent order in response to the notices of appeal, however, the district judge has so far refused to issue a fully-reasoned explanation for his preliminary injunction (a precondition, under his view, for appellate review). Despite his promise to rule "quickly," more than a month has passed since the completion of briefing on that issue—and 13 days have passed since the August 22 hearing —without such a reasoned ruling. It is now three work days before the printing of ballots must commence, and the district judge has exhibited no signs of issuing the written explanation that he believes is essential for appellate review.

The district judge was fully aware that his efforts might affect this court's jurisdiction and that Defendants were seek-

ing appellate review of his decision. Indeed, his recent post-
appeal order notes the notices of appeal filed by the parties,
and describes them as "premature." In any event, his aware-
ness did not put an end to his attempts to evade appellate
review. When the appeals were filed, he immediately sought
to frustrate our ability to entertain a stay pending appeal,
denying that he had issued an order but scheduling a hearing
on whether he should grant a stay of that order for September
14, 2012—fully a week *after* the state's deadline for printing
the ballots—a hearing that he deemed a precondition to this
court's "entertainment" of a stay motion.[2] This last action by
the district judge is particularly egregious in light of the fact
that he swiftly denied oral motions for the precise same stay
(made by both sets of Defendants) during the August 22,
2012, hearing.[3]

In circumstances such as these, when a district judge's

---

[2]Before requesting a stay from this court, the parties are required either
to request one from the district court or demonstrate why seeking such a
stay would be impracticable. *See* Fed. R. App. P. 8(a). Here, both apply.

[3]The district judge was presented with two such motions for a stay dur-
ing the August 22, 2012, hearing, and denied them both times without
equivocation. The first time was upon motion of the state:

> THE COURT: But the reason I'm announcing this orally is so
> that you're forewarned with regard to the printing problem.
>
> MR. BENSON: And, finally, with regard to that, I must take an
> oral motion that the Court stay its order pending appeal. We do
> intend to take an appeal.
>
> THE COURT: I'll deny that.
>
> MR. BENSON: Thank you, your Honor.
>
> THE COURT: So you have it for the record.

Later, in response to a motion by Defendant-Intervenor, the court again
denied the stay, stating, "I'll deny that for the record *so that you can ask
the appellate court for a stay*" (emphasis added). Indeed, the district
court's orders on this point are so contradictory that the state today filed
a motion with the district court to clarify the precise state of the record
regarding both the preliminary injunction and the stay.

actions might serve to deprive the appellate court of meaning-ful judicial review, an appellate court has the authority to exercise jurisdiction in aid of its own appellate jurisdiction. This is so even if an appeal has not yet been properly per-fected. In *FTC v. Dean Foods, Co.*, for example, the Supreme Court upheld the court of appeals's authority to grant a pre-liminary injunction preventing a merger that would moot any subsequent appeal. 384 U.S. 597, 603-05 (1966). The Court noted that, "where an appeal is not then pending but may be later perfected," an appellate court may exercise jurisdiction when doing so would be necessary to preserve its later appel-late jurisdiction. *Id.* at 603. The ability of appellate tribunals to act to preserve their jurisdiction is a necessary element of appellate review; *"[o]therwise the appellate jurisdiction could be defeated . . . by unauthorized action of the district court obstructing the appeal." Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 25 (1943) (emphasis added); *see also California Energy Comm'n v. Johnson*, 767 F.2d 631, 634 (9th Cir. 1985) (reiterating this principle but declining to exercise such jurisdiction).

When a decision on our part is necessary in order to permit the losing party below to obtain review by our court and the Supreme Court, we have the ability to act in order to preserve the jurisdiction of the appellate courts. In this case, that authority would permit us to decide the stay motion before us, even if the district court had not issued the injunction on August 24. Refusal to exercise our jurisdiction would frustrate not only our appellate authority, but also that of the Supreme Court, and would allow the district court to erroneously inval-idate Nevada's long-standing election process and to deprive its citizens of their right to participate in Presidential elections in the manner that the law prescribes. Such arrogance and assumption of power by one individual is not acceptable in our judicial system.

I therefore wholeheartedly concur in the panel's decision to grant the stay.[4]

---

[4]In any event, if the district court were to succeed temporarily in blocking appellate jurisdiction as a result of its contention that it has not issued an injunction, the state would be free to commence printing the ballots immediately. Any subsequent attempt to disrupt that printing would be subject to an immediate stay as the weighing of the *Winter* factors would favor the state even more strongly.